# IN THE COURT OF APPEALS OF IOWA

No. 21-0741
Filed April 27, 2022

**WILLIAM MCGREW and ELAINE MCGREW,**
     Plaintiffs-Appellants,

**vs.**

**EROMOSELE OTOADESE, M.D. and NORTHERN IOWA CARDIOVASCULAR AND THORACIC SURGERY CLINIC, P.C.,**
     Defendants-Appellees.
_____

       Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.


       William McGrew and his wife, Elaine McGrew, appeal the district court's rulings on post-trial motions.  **APPEAL DISMISSED.**



       Martin Diaz, Swisher, for appellants.

       Jennifer E. Rinden, Vincent S. Geis, and Nancy J. Penner of Shuttleworth & Ingersoll, Cedar Rapids, for appellees.



       Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

William McGrew and his wife, Elaine McGrew, appeal the district court's rulings on post-trial motions. For the reasons that follow, we dismiss the appeal.

*Underlying medical malpractice action.* The McGrews filed a medical malpractice action against cardiovascular surgeon Eromosele Otoadese, M.D. and Northern Iowa Cardiovascular and Thoracic Surgery Clinic, P.C. (collectively, "Dr. Otoadese"), alleging the surgeon performed an unnecessary carotid endarterectomy, which resulted in William's stroke. *See McGrew v. Otoadese*, 969 N.W.2d 311, 314–15 (Iowa 2022). The case was tried to a jury in March 2019, resulting in a verdict in favor of Dr. Otoadese. *Id.* at 318.

*Appeal from judgment.* In the appeal from the verdict, the McGrews asserted the district court abused its discretion in concluding expert witness disclosures were required for two of their proposed witnesses and in prohibiting cross-examination of Dr. Otoadese's career history. The case was transferred to this court, and we affirmed. *McGrew v. Otoadese*, No. 19-2137, 2021 WL 815875, at *2, *6 (Iowa Ct. App. Mar. 3, 2021).

*Further review.* The supreme court granted further review only on the expert disclosure issue. *McGrew*, 969 N.W.2d at 318–19.[1] The supreme court concluded:

> Neither the neurologist nor the neuroradiologist was retained for litigation purposes; to the contrary, they developed their opinions from being involved in patient care. This means no expert report under [Iowa Rule of Civil Procedure] 1.500(2)(b) was required. Both physicians could offer expert opinions subject only to two disclosure

---

[1] Thus, "[t]he court of appeals decision shall stand as the final decision on whether the district court abused its discretion in curtailing the evidence of Dr. Otoadese's career history that could be presented at trial." *McGrew*, 969 N.W.2d at 319.

requirements. First, if the opinions were not formed as a part of treatment, the witnesses had to be designated under section 668.11. Second, regardless of when the opinions were formed, they needed to be adequately disclosed under rule 1.500(2)(c). Both conditions were met here, so the physicians' testimony and contemporaneous medical records should have been admitted.

*Id.* at 314. On January 21, 2022, the supreme court affirmed the court of appeals in part and vacated in part, reversed the judgment of the district court, and remanded the case for a new trial. *Id.* at 327.

Prior to the appellate rulings, on December 8, 2019, the district court issued a ruling concerning post-trial motions and a supplemental motion for new trial based on newly acquired evidence by the McGrews, which they argued constituted an admission by Dr. Otoadese that he was negligent or incompetent. Dr. Otoadese resisted the supplemental motion, asserting it was both untimely and without merit. The district court concluded it was constrained by Iowa Rules of Civil Procedure 1.1004 (new trial) and 1.1007 (time for motions and exceptions), was only able to rule on the supplemental motion for new trial, and denied the motion as untimely. The district court did not address the merits of the claim.

*Present appeal.* The McGrews filed this second appeal, asserting the district court erred in denying their petition to vacate judgment and grant a new trial under the newly-discovered-evidence and fraud prongs of Iowa Rule of Civil Procedure 1.1012. The appeal was transferred to this court on February 10, 2022.

This court ordered the parties to provide statements addressing the effect of the supreme court's January 21 ruling on the pending appeal. In response, the McGrews concede that "since this appeal sought to vacate the judgment, that part of the appeal is moot." Yet, they assert we should retain the appeal to resolve the

issue of the discoverability of certain evidence discovered post-trial. Dr. Otoadese moved to dismiss the appeal as moot because the McGrews have obtained the relief requested—a new trial.

"Mootness is . . . 'a threshold question.'" *Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022) (citation omitted). "Courts exist to decide cases, not academic questions of law. For this reason, a court will generally decline to hear a case when, because of changed circumstances, the court's decision will no longer matter. This is known as the doctrine of mootness. *Id.* (quoting *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015)). Here, because the McGrews have been afforded a new trial and the district court did not rule on the merits of their arguments concerning newly discovered evidence, any decision of this court would be academic. We therefore dismiss the appeal as moot.

**APPEAL DISMISSED.**